EVERETT GEORGE SVENDSEN AND PENELOPE ANNE SVENDSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Svendsen v. Commissioner
Docket No. 3197-81.
United States Tax Court
T.C. Memo 1983-170; 1983 Tax Ct. Memo LEXIS 615; 45 T.C.M. (CCH) 1114; T.C.M. (RIA) 83170; March 30, 1983. Everett George Svendsen, pro se. James W. Clark, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *616 OPINION OF THE SPECIAL TRIAL JUDGE
DINAN, Special Trial Judge: Respondent determined a deficiency in petitioner's [3] Federal income tax for 1977 in the amount of $2,826.24. Concessions having been made by the parties, the issues remaining for decision are (1) whether petitioner is entitled to miscellaneous deductions in excess of those allowed by the respondent, (2) whether petitioner's flight-training expenses were ordinary and necessary business expenses and, if so, (3) whether petitioner may deduct as educational expenses under section 162 those payments for flight-training expenses for which he received nontaxable reimbursement from the Veterans Administration. *617 Petitioner Everett George Svendsen resided in Jacksonville, Florida, and petitioner Penelope Anne Svendsen resided in Glen Rock, New Jersey, when they filed their petition in this case. During 1977, petitioner was employed by Trans World Airlines as a first officer (co-pilot; second-in-command). He continues to be employed by Trans World Airlines to the present time. On his 1977 return, petitioner claimed a deduction for miscellaneous expenses in the amount of $1,002.06. Upon auditing petitioner's return, the respondent disallowed $236.51 of the claimed amount. At the trial of this case, petitioner conceded $121.40 of the $236.51 disallowed, thus leaving in dispute the amount of $115.11. Based upon the evidence submitted at trial, we find that petitioner is entitled to deduct $54.50 of the remaining $115.11 claimed, computed as follows: Dom's Shoe Repair (flight kit repair)
$ 6.00
Professional Association
15.00
Periodical
8.50
Flashlight batteries
25.00
$54.50
In 1962, petitioner was graduated from the University of Idaho. Upon graduation, he entered the Officer Candidate Course, United States Marine Corps. From January, 1963 through May, *618 1964, he was a student Naval aviator at the Naval Aviation Training Command, Pensacola, Florida. In May, 1964, petitioner was designated a Naval aviator and entered into active duty with the Marine Corps for the period June, 1964 through August, 1967. From June, 1964 through August, 1965, petitioner was stationed at the Marine Corps Air Facility, Santa Anna, California. From August, 1965 through September, 1966, he was a combat pilot in Vietnam where he flew approximately 120 combat missions. He holds the Air Medal, the Vietnam Service Medal with three stars, the Vietnam Campaign Medal and a Navy Unit Citation, among other honors. During his combat service in Vietnam petitioner flew approximately 1,300 hours, most of those as pilot-in-command. In August, 1967, petitioner was released from active duty at which time he was hired as a pilot by Trans World Airlines. During 1977, he served in the position of co-pilot or first officer on Boeing 727 aircraft. In August of 1977, in order to improve his skills as a pilot, petitioner enrolled in a flight-training program at Burnside-Ott in Opa Locka, Florida. Upon completion of the course petitioner met the requirements for an *619 airline transport pilot certificate (ATP certificate) for a Lear jet aircraft. On his 1977 return, petitioner deducted, as an educational expense, the amount he paid for the flight-training course in the total amount of $7,620.86. Respondent disallowed the petitioner's total educational deduction on two grounds: respondent first alleges that the flight-training course qualified petitioner for a new trade or business; respondent next alleges that petitioner may not deduct those expenses incurred by him for taking the flight-training course to the extent that he was reimbursed for those expenses by the Veterans Administration.
We reject respondent's contention that petitioner's flight-training expenses were incurred by him to qualify him for a new trade or business. Petitioner was obviously a veteran pilot when he was employed by Trans World Airlines in 1967 as a pilot and petitioner's ATP certificate for the Lear jet aircraft did not expand the scope of piloting activities open to him. See Gruman v. Commissioner,T.C. Memo. 1982-388. But that does not end our inquiry in this case. Petitioner expended $1,834.55 from his own funds in order to take his flight-training *620 course and he is clearly entitled to a deduction in that amount pursuant to the provisions of section 162. The portion of petitioner's expenses which were reimbursed by the Veterans Administration in the amount of $5,786.31, however, presents a different matter for our consideration. In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), we addressed ourselves to the identical issue raised by petitioner. In Manocchio, we held that section 265 disallowed the deduction of those flight-training expenses reimbursed by the Veterans Administration. Petitioner's arguments are not substantially different from those considered by us in Manocchio. We deem our opinion in Manocchio to be dispositive of this case and find that petitioner is not entitled to deduct as an educational expense the $5,786.31 spent by him for flight training which was reimbursed by the Veterans Administration. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1977, unless otherwise indicated. ↩
2. Pursuant to the order of assignment on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Penelope Anne Svendsen is a party to this action only because she filed a joint return with her husband for 1977. Hereinafter, when we refer to petitioner, we will be referring to Everett George Svendsen.↩